## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

THOSE CERTAIN UNDERWRITERS AT )
LLOYD'S, LONDON, subscribing to )
Policy Nos. SUA WS20318-2103, SUA )
WS20318-2002, and SUA WS20318-1901, )
AND MARKEL INTERNATIONAL )
INSURANCE COMPANY LIMITED, )            Case No. 2:23-CV-02030-DDC-ADM
                                                         )
Plaintiffs, )
                                                         )
vs. )
                                                         )
AUTOMOBILE ACCEPTANCE )
CORPORATION INC AND EUGENE )
JEROME NICHOLS, individually and as )
class representative, )
                                                         )
Defendants. )

### DEFENDANT AUTOMOBILE ACCEPTANCE
### CORPORATION, INC.'S ANSWER TO COMPLAINT
### FOR DECLARATORY JUDGMENT AND
### COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW Defendant, Automobile Acceptance Corporation, Inc. ("Defendant"), by

and through its attorney, and for its Answer to Plaintiff Those Certain Underwriters at Lloyd's

London's ("Plaintiff"), Complaint for Declaratory Judgement, hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Defendant admits the pendency of lawsuit captioned *Automobile Acceptance*

*Corporation, V. Eugene Jerome Nichols* in the Circuit Court of Clay County, Missouri but Defendant

denies each and every other allegation and averment of Paragraph 1 of Plaintiff's Complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, denies same.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, denies same.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, denies same.

5.    Defendant admits the allegations of paragraph 5.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, denies same.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies same.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, denies same.

9.    Defendant admits that it resides in this District, but it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies same the allegations of paragraph 9.

## FACTUAL BACKGROUND

**I.    The Underlying Lawsuit**

10.    Defendant admits the allegations of paragraph 10.

11.    Defendant admits the allegations of paragraph 11.

12.    Defendant admits that a Counterclaim was filed on or about April 14, 2016 and that Paragraph 12 accurately reflects the allegations in paragraphs 1 through 5 of the Counterclaim, but Defendant denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint..

13.    Defendant denies the allegations of paragraph 13 and further denies any intendments or other wrongdoing alleged in the Nichols Counterclaim.

2

14.     Defendant denies the allegations of paragraph 14, and further denies any intendments, other wrongdoing, or the relief requested in the Nichols Counterclaim.

15.     Defendant admits the allegations of paragraph 15.

16.     Defendant admits the allegations of paragraph 16.

17.     Defendant admits the allegations of paragraph 17 but denies any intendments or other wrongdoing alleged in the Nichols Counterclaim.

18.     Defendant admits that a First Amended Answer and Counterclaim was filed on or about August 8, 2016 and that paragraph accurately reflects the allegations in paragraphs 1 through 5 of the Amended Counterclaim, but denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 19, and, denies the allegations of the Amended Counterclaim set forth in paragraph 19 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 19 and, therefore, denies same.

20.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 20, and, denies the allegations of the Amended Counterclaim set forth in paragraph 20 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 20 and, therefore, denies same.

21.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 21, and, denies the allegations of the Amended

Counterclaim set forth in paragraph 21 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 21 and, therefore, denies same.

22.    The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 22, and, denies the allegations of the Amended Counterclaim set forth in paragraph 22 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 22 and, therefore, denies same.

23.    The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 23, and, denies the allegations of the Amended Counterclaim set forth in paragraph 23 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 23 and, therefore, denies same.

24.    The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 24, and, denies the allegations of the Amended Counterclaim set forth in paragraph 24 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 24 and, therefore, denies same.

25.    The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 25, and, denies the allegations of the Amended Counterclaim set forth in paragraph 25 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 25 and, therefore, denies same.

26.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 26, and, denies the allegations of the Amended Counterclaim set forth in paragraph 26 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 26 and, therefore, denies same.

27.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 27, and, denies the allegations of the Amended Counterclaim set forth in paragraph 27 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 27 and, therefore, denies same.

28.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 28, and, denies the allegations of the Amended Counterclaim set forth in paragraph 28 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 28 and, therefore, denies same.

29.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 29, and, denies the allegations of the Amended Counterclaim set forth in paragraph 29 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 29 and, therefore, denies same.

30.     The Amended Counterclaim would be the best evidence of its terms, and, to the extent that Defendant has paraphrased or misstated anything from the Amended Counterclaim, Defendant denies the allegations contained in paragraph 30, and, denies the allegations of the Amended

Counterclaim set forth in paragraph 30 and is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 30 and, therefore, denies same.

    31.    Defendant admits the allegations of paragraph 31.

    32.    Defendant admits the allegations of paragraph 32.

    33.    Defendant admits the allegations of paragraph 33.

    34.    The Class Certification Order would be the best evidence of its terms, and, to the extent that Plaintiff seeks to paraphrase the Order, Defendant denies the allegations contained in paragraph 34 but defendant admits that the quoted language in paragraph 34 is contained within the Order, and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 and, therefore, denies same.

    35.    The Class Certification Order would be the best evidence of its terms, and, to the extent that Plaintiff seeks to paraphrase the Order, Defendant denies the allegations contained in paragraph 35 but defendant admits that the quoted language in paragraph 35 is contained within the Order, and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 and, therefore, denies same.

    36.    The Class Certification Order would be the best evidence of its terms, and, to the extent that Plaintiff seeks to paraphrase the Order, Defendant denies the allegations contained in paragraph 36 but defendant admits that the quoted language in paragraph 36 is contained within the Order, and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and, therefore, denies same.

    37.    The Class Certification Order would be the best evidence of its terms, and, to the extent that Plaintiff seeks to paraphrase the Order, Defendant denies the allegations contained in paragraph 37 but defendant admits that the quoted language in paragraph 37 is contained within the Order, and

defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 and, therefore, denies same.

38.     Defendant admits the allegations of paragraph 38.

39.     Defendant states that the Joint Motion would be the best evidence of its terms, and, to the extent that Plaintiff seeks to paraphrase the Joint Motion, Defendant denies the allegations contained in paragraph 39 but defendant admits that the quoted language in paragraph 39 is contained within the Order, and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 and, therefore, denies same.

**II. Notice to Plaintiffs**

40.     Defendant admits it provided Notice to Plaintiffs but denies each and every other allegation and averment of paragraph 40.

**III. The Policies**

41.     Defendant admits the allegations of paragraph 41.

42.     Defendant admits the allegations of paragraph 42.

43.     Defendant admits the allegations of paragraph 43.

44.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint and, therefore, denies same.

45.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint and, therefore, denies same.

46.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint and, therefore, denies same.

47.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint and, therefore, denies same.

48.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint and, therefore, denies same.

49.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint and, therefore, denies same.

50.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint and, therefore, denies same.

51.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint and, therefore, denies same.

52.     Defendant admits it is engaged in Automobile Loan Origination; Automobile Loan Servicing, but as Defendant does not have a verified copy of the subject policy of insurance, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint and, therefore, denies same.

53.     Defendant denies the allegations contained does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Complaint and, therefore, denies same.

54.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Complaint and, therefore, denies same.

55.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint and, therefore, denies same.

56.     Defendant does not have access to a verified copy of the alleged insurance policies and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint and, therefore, denies same.

57.     Defendant denies the allegations of paragraph 57.

58.     Defendant denies the allegations of paragraph 58.

59.     Defendant denies the allegations of paragraph 59.

60.     Defendant denies the allegations of paragraph 60.

61.     Defendant denies the allegations of paragraph 61.

62.     Defendant denies the allegations of paragraph 62.

63.     Defendant denies the allegations of paragraph 63.

64.     Defendant denies the allegations of paragraph 64.

65.     Defendant denies the allegations of paragraph 65.

66.     Defendant denies the allegations of paragraph 66.

67.     Defendant denies the allegations of paragraph 67.

68.     Defendant denies the allegations of paragraph 68.


**CHOICE OF LAW**

69.     Defendant denies the allegations of paragraph 69.

70.     Defendant admits the allegations of paragraph 70.

## COUNT I:  DECLARATORY JUDGMENT AGAINST DEFENDANTS (NO CLAIM DURING POLICY YEARS)

71.     Defendant incorporates by reference each response to paragraphs 1 through 70 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

72.     Defendant denies the allegations of paragraph 72.

73.     Defendant denies the allegations of paragraph 73.

74.     Defendant denies the allegations of paragraph 74.

75.     Defendant denies the allegations of paragraph 75.

76.     Defendant denies the allegations of paragraph 76.

77.     Defendant denies the allegations of paragraph 77.

78.     Defendant denies the allegations of paragraph 78.

79.     Defendant denies the allegations of paragraph 79.

80.     Defendant denies the allegations of paragraph 80.

81.     Defendant denies the allegations of paragraph 81.

82.     Defendant denies the allegations of paragraph 82.

83.     Defendant denies the allegations of paragraph 83.

## COUNT II:  DECLARATORY JUDGMENT ACTION AGAINST DEFENDANTS

### ("LOSS")

84.    Defendant incorporates by reference each response to paragraphs 1 through 83 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

85.    Defendant denies the allegations of paragraph 84.

86.    Defendant denies the allegations of paragraph 85.

87.    Defendant denies the allegations of paragraph 86.

88.    Defendant denies the allegations of paragraph 87.

89.    Defendant denies the allegations of paragraph 88.

90.    Defendant denies the allegations of paragraph 90.

## COUNT III:  DECLARATORY JUDGMENT AGAINST DEFENDANTS ("WRONGFUL

### ACT")

91.    Defendant incorporates by reference each response to paragraphs 1 through 90 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

92.    Defendant denies the allegations of paragraph 92.

93.    Defendant denies the allegations of paragraph 93.

94.    Defendant denies the allegations of paragraph 94.

95.    Defendant denies the allegations of paragraph 95.

96.    Defendant denies the allegations of paragraph 96.

97.    Defendant denies the allegations of paragraph 97.

98.    Defendant denies the allegations of paragraph 98.

## COUNT IV: DECLARATORY JUDGMENT AGAINST DEFENDANTS(RETROACTIVE DATE)

99.     Defendant incorporates by reference each response to paragraphs 1 through 98 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

100.    Defendant denies the allegations of paragraph 100.

101.    Defendant denies the allegations of paragraph 101.

102.    Defendant denies the allegations of paragraph 102.

103.    Defendant denies the allegations of paragraph 103.

104.    Defendant denies the allegations of paragraph 104.

## COUNT V: DECLARATORY JUDGMENT AGAINST DEFENDANTS (EXCLUSIONS)

105.    Defendant incorporates by reference each response to paragraphs 1 through 104 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

106.    Defendant denies the allegations of paragraph 106.

107.    Defendant denies the allegations of paragraph 107.

108.    Defendant denies the allegations of paragraph 108.

109.    Defendant denies the allegations of paragraph 109.

110.    Defendant denies the allegations of paragraph 110.

111.    Defendant denies the allegations of paragraph 111.

112.    Defendant denies the allegations of paragraph 112.

113.    Defendant denies the allegations of paragraph 113.

114.    Defendant denies the allegations of paragraph 114.

115.    Defendant denies the allegations of paragraph 115.

116.    Defendant denies the allegations of paragraph 116.

117.    Defendant denies the allegations of paragraph 117.

## COUNT VI:  DECLARATORY JUDGMENT AGAINST DEFENDANTS (LATE NOTICE)

118.    Defendant incorporates by reference each response to paragraphs 1 through 117 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

119.    Defendant denies the allegations of paragraph 119.

120.    Defendant denies the allegations of paragraph 120.

121.    Defendant denies the allegations of paragraph 121.

122.    Defendant denies the allegations of paragraph 122.

123.    Defendant denies the allegations of paragraph 123.


## COUNT VII:  RESCISSION AGAINST AAC

124.    Defendant incorporates by reference each response to paragraphs 1 through 123 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

125.    Defendant denies the allegations of paragraph 125.

126.    Defendant denies the allegations of paragraph 126.

127.    Defendant denies the allegations of paragraph 127.

128.    Defendant denies the allegations of paragraph 128.

129.    Defendant denies the allegations of paragraph 129.

130.    Defendant denies the allegations of paragraph 130.

131.    Defendant denies the allegations of paragraph 131.

132.    Defendant denies the allegations of paragraph 132.

133.    Defendant denies the allegations of paragraph 133.

134.    Defendant denies the allegations of paragraph 134.

135.    Defendant denies the allegations of paragraph 135.

136.    Defendant denies the allegations of paragraph 136.

137.    Defendant denies the allegations of paragraph 137.

138.    Defendant denies the allegations of paragraph 138.

139.    Defendant denies the allegations of paragraph 139.

140.    Defendant denies the allegations of paragraph 140.

141.    Defendant denies the allegations of paragraph 141.

## **AFFIRMATIVE DEFENSES, TO ALL COUNTS**

1.      For further answer, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      For further answer, Plaintiff's Complaint is barred based upon the doctrine of laches.

3.      For further answer, Plaintiff's Complaint is barred based upon the doctrine of unclean hands.

4.      For further answer, Plaintiff's Complaint is barred based upon the doctrines of promissory estoppel, reliance and/or equitable estoppel.

5.      For further answer, Plaintiff's Complaint is barred based upon the doctrine of waiver.

6.      For further answer, Plaintiff's failure to accept the tender of defense and indemnity and Plaintiff's filing of this Declaratory Judgment action constitute acts of bad faith in contravention of the implied duty of good faith contained in the insurance policies referred to herein.

7.      For further answer, Plaintiff's failure to accept the tender of defense and to indemnify was done without just cause or excuse and, as such, violates K.S.A. §40-256, and, as such, Plaintiff should be responsible for Defendant's attorney's fees herein.

8.     For further answer, Defendant states that Plaintiffs failed to fulfill conditions precedent to filing and pursuing this action.

9.     Defendant reserves the right to raise any additional affirmative defense that may be discovered during the course of this litigation.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendant requests this Court to enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, and to deny Plaintiff the relief sought therein, for a dismissal of Plaintiff's Complaint, for a declaration that Plaintiff owes Defendant a duty of defense and indemnity, that Defendant be awarded its costs herein incurred, and its attorney's fees herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW Counterclaim Plaintiff Automobile Acceptance Corporation, Inc. ("AAC"), by and through undersigned counsel, and for its Counterclaim for Declaratory Judgment against Counterclaim  Defendants Those Certain Underwriters at Lloyd's, London subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-19012 ("Underwriters") and Markel International Insurance Company ("Markel") (collectively, "Counterclaim Defendants") does hereby state:

### PARTIES, JURISDICTION, VENUE

1.     At all times relevant hereto, AAC has been a Kansas corporation that has its principal place of business in Kansas City, Kansas.

2.     Upon information and belief, Counterclaim Defendant Those Certain Underwriters at Lloyd's, London which subscribe to Policy Number SUA WS20318-2103, consist of sole member Syndicate CSL 10841 whose sole corporate member is a foreign company with its principal place of

15

business in London, England and is organized under the laws of the United Kingdom.

3.     Upon information and belief, Counterclaim Defendant Markel International Insurance Company Limited, which also subscribes to Policy Number SUA WS20318-2103, is a foreign company whose sole corporate member is a foreign company with its principal place of business in London, England and is organized under the laws of the United Kingdom.

4.     Upon information and belief, Counterclaim Defendant Plaintiffs, Those Certain Underwriters at Lloyd's, London which subscribe to Policy Numbers SUA WS20318-2002 and SUA WS20318-19012 consist of sole member Syndicates CSL 1084 and MKL 3000 whose corporate members are foreign companies with principal places of business in London, England and are organized under the laws of the United Kingdom.

5.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interests and attorney's fees, and there exists complete diversity of citizenship.

6.     This Court has personal jurisdiction over Counterclaim Defendants because they have filed a declaratory judgment action in this Court and they issued one or more insurance policies to AAC in the state of Kansas.

7.     Venue is proper in this court under 28 U.S.C. § 1391(a)(2) because (a) the insurance policies at issue were delivered to AAC in Kansas City, Kansas; and (b) the insurance policies generally provided coverage for the business acts for omissions of AAC which occurred in Kansas City, Kansas.

## COUNTERCLAIM COUNT I – BREACH OF CONTRACT

8.     AAC incorporates by reference all allegations set forth in Paragraphs 1 through 7 of this Counterclaim for Declaratory Judgment as though fully set forth herein.

9.     Counterclaim Defendants issued a Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-1901 to Named Insured Automobile Acceptance Corporation Inc for the policy period beginning March 1, 2019 and ending March 1, 2020 (the "2020 Policy"). A copy of the 2020 Policy is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as EXHIBIT L, at UND000007). Such policy is incorporated by reference as though fully set forth herein.

10.    Counterclaim Defendants issued a Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2002 to Named Insured Automobile Acceptance Corporation Inc for the policy period beginning March 1, 2020 and ending March 1, 2021 (the "2021 Policy"). A copy of the 2021 Policy is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as EXHIBIT M, at UND000059. Such policy is incorporated by reference as though fully set forth herein.

11.    Counterclaim Defendants issued a Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2103 to Named Insured Automobile Acceptance Corporation Inc for the policy period beginning March 1, 2021 and ending March 1, 2023 (the "2022 Policy"), as modified by the ERP Endorsement. A copy of the 2022 Policy is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as EXHIBIT N, at UND000108, UND000112. Such policy is incorporated by reference as though fully set forth herein.

12.    For the purposes of this Counterclaim for Declaratory Judgment, the Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-1901, the Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2002, and the Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2103 are collectively referred to as "the Policies."

13.     Eugene Jerome Nichols filed an Answer and Counterclaim against AAC in the Circuit Court of Clay County, Missouri in Case No. 15CY-CV07631 (the "Underlying Lawsuit" on or about April 4, 2016. A copy of the Answer and Counterclaim filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit B. Such Answer and Counterclaim filed in the Underlying Lawsuit is incorporated by reference as though fully set forth herein.

14.     On June 1, 2016, AAC filed an Amended Petition in the Underlying Lawsuit. A copy of the Amended Petition filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit C. Such Amended Petition is incorporated by reference as though fully set forth herein.

15.     On June 2, 2016, Nichols filed an Answer and Counterclaim to the Amended Petition and a Motion to Dismiss the Amended Petition. A copy of the Answer and Counterclaim to the Amended Petition filed in the Underlying Lawsuit is attached to Counterclaim Defendants /Plaintiffs' Complaint for Declaratory Judgment as Exhibit D. Such Answer and Counterclaim to the Amended Petition is incorporated by reference as though fully set forth herein.

16.     On August 8, 2016, Nichols filed a First Amended Answer and Counterclaim to the Amended Petition (the "Class Counterclaim") pleading class claims in this First Amended Answer and Counterclaim. A copy of the First Amended Answer and Counterclaim to the Amended Petition filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit E. Such First Amended Answer and Counterclaim to the Amended Petition is incorporated by reference as though fully set forth herein.

17.     On September 30, 2022, the underlying trial court issues its Order for Class Certification in the Underlying Lawsuit (the "Class Certification Order"). A copy of the Class

Certification Order filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit H. Such Class Certification Order is incorporated by reference as though fully set forth herein.

18.     Upon receipt of the Class Certification Order, AAC tendered the Underlying Lawsuit to Counterclaim Defendants for defense and indemnity under the Policies.

19.     Counterclaim Defendants denied that they had an obligation under the Policies to pay for the defense of AAC against the claims asserted in the Underlying Lawsuit.

20.     Counterclaim Defendants failed to provide a defense for AAC against the claims asserted in the Underlying Lawsuit.

21.     Counterclaim Defendants denied they had an obligation under the Policies to indemnify AAC for any judgment which may be rendered against AAC in the Underlying Lawsuit.

22.     Counterclaim Defendants' failure to provide AAC with a defense in the Underlying Lawsuit constitutes a breach of the Policies.

23.     Counterclaim Defendants' failure to agree to indemnify AAC against any adverse judgment rendered in the Underlying Lawsuit constitutes a breach of the Policies.

24.     One or more of the requests for relief sought against AAC in the Underlying Lawsuit constitute a "Loss" as such term is defined in the Policies.

25.     One or more of the allegations against AAC in the Underlying Lawsuit constitute a "Wrongful Act" as such term is defined in the Policies.

26.     No exclusions contained within the Policies applies to preclude coverage under the Policies for the allegations raised against AAC in the Underlying Lawsuit.

27.     Both the Counterclaim and the Class Counterclaim filed in the Underlying Lawsuit fall within the policy periods of the Policies.

## PRAYER FOR RELIEF

28.     AAC prays that it be granted judgment and relief as follows:

    a.   A declaration that the Policies issued by Counterclaim Defendants to AAC provide a duty on behalf of Counterclaim Defendants to defend AAC against any and all claims asserted in the Underlying Lawsuit;

    b.   A declaration that the Policies issued by Counterclaim Defendants to AAC provide a duty on behalf of Counterclaim Defendants to indemnify or otherwise pay damages for which AAC may be adjudged liable in the Underlying Lawsuit;

    c.   A declaration that Counterclaim Defendants shall have no right to reimbursement of any costs it has incurred in the past and in the future for defending AAC in the Underlying Lawsuit.

WHEREFORE Counterclaim Plaintiff Automobile Acceptance Corporation, Inc. prays that judgment be entered in its favor and against Counterclaim Defendants Those Certain Underwriters at Lloyd's, London subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-19012 ("Underwriters") and Markel International Insurance Company on all claims contained in AAC's Counterclaim for Declaratory Judgment, for its reasonable costs and attorney's fees incurred, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Automobile Acceptance Corporation, Inc. prays for trial by jury on all issues so triable herein.

Respectfully submitted,


MORROW WILLNAUER CHURCH, LLC

By: _____

    JAMES C. MORROW, #13509
    HILLARY HYDE, #26733
      BLAKE H. BUTNER, #28039
8330 Ward Parkway, Suite 300
Kansas City, Missouri 64114
Telephone:    (816) 382-1382
Fax:          (816) 382-1383
Email:      jmorrow@mwcattorneys.com
           hhyde@mwcattorneys.com
           bbutner@mwcattorneys.com

ATTORNEYS FOR DEFENDANT

21

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 7th day of April 2023, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 7th day of April 2023, to:

Jean-Paul Assouad
Meredith A. Webstere
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
jean-paul.assouad@kutakrock.com
meredith.webstere@kutak.rock.com

Douglas Garmager
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
200 South Wakeer Drive, Suite 2550
Chicago, IL 60606
dgarmager@karballaw.com

ATTORNEYS FOR PLAINTIFFS
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON AND MARKEL
INTERNATIONAL INISURANCE
COMPANY LIMITED

Timothy W. Monsees
MONSEES & MAYER, P.C.
4717 Grand Avenue, Suite 820
Kansas City, MO 64112-2258
tmonsees@monseemayer.com

ATTORNEYS FOR DEFENDANT
AUTOMOBILE ACCEPTANCE
CORPORATION, INC.

Jesse B. Rochman
Martin L. Daesch
ONDERLAW, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
rochman@onderlaw.com
daesch@onderlaw.com
ATTORNEYS FOR DEFENDANT
EUGENE JEROME NICHOLS

JAMES C. MORROW