**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-1901, AND MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMOBILE ACCEPTANCE CORPORATION INC AND EUGENE JEROME NICHOLS, individually and as class representative,<br>360211-<br><br>Defendants. | Case No. 2:23-CV-02030-DDC-ADM |

### **PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AUTOMOBILE ACCEPTANCE CORPORATION, INC.'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Plaintiffs/Counter-Defendants, Those Certain Underwriters at Lloyd's, London, subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-19012 ("Underwriters") and Markel International Insurance Company ("Markel") (collectively, "Counter-Defendants"), for their Answer and Affirmative Defendants to Defendant/Counter-Plaintiff Automobile Acceptance Corporation, Inc.'s ("AAC") Counterclaim for Declaratory Judgement, state as follows:

### **PARTIES, JURISDICTION, VENUE**

1. At all times relevant hereto, AAC has been a Kansas corporation that has its principal place of business in Kansas City, Kansas.

**ANSWER**: Counter-Defendants admit the allegations of Paragraph 1 up to December 31, 2022.

Counter-Defendants deny the allegation of Paragraph 1 to the extent any times relevant hereto includes dates post-December 31, 2022.

3. Upon information and belief, Counterclaim Defendant Those Certain Underwriters at Lloyd's, London which subscribe to Policy Number SUA WS20318-2103, consist of sole member Syndicate CSL 10841 whose sole corporate member is a foreign company with its principal place of business in London, England and is organized under the laws of the United Kingdom.

**ANSWER**: Counter-Defendants deny that Counterclaim Defendant Those Certain Underwriters at Lloyd's, London which subscribe to Policy Number SUA WS20318-2103, consist of sole member Syndicate CSL 10841.  Counter-Defendants state that Counterclaim Defendant Those Certain Underwriters at Lloyd's, London which subscribe to Policy Number SUA WS20318-2103, consist instead of sole member Syndicate CSL 1084.  Counter-Defendants admit the remaining allegations of Paragraph 2.

3. Upon information and belief, Counterclaim Defendant Markel International Insurance Company Limited, which also subscribes to Policy Number SUA WS20318-2103, is a foreign company whose sole corporate member is a foreign company with its principal place of business in London, England and is organized under the laws of the United Kingdom.

**ANSWER**:   Counter-Defendants admit the allegations of Paragraph 3.

4. Upon information and belief, Counterclaim Defendant Plaintiffs, Those Certain Underwriters at Lloyd's, London which subscribe to Policy Numbers SUA WS20318-2002 and SUA WS20318-19012 consist of sole member Syndicates CSL 1084 and MKL 3000 whose corporate members are foreign companies with principal places of business in London, England and are organized under the laws of the United Kingdom.

**ANSWER**:	Counter-Defendants admit the allegations of Paragraph 4.

5.	The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interests and attorney's fees, and there exists complete diversity of citizenship.

**ANSWER**:	Counter-Defendants admit the allegations of Paragraph 5.

6.	This Court has personal jurisdiction over Counterclaim Defendants because they have filed a declaratory judgment action in this Court and they issued one or more insurance policies to AAC in the state of Kansas.

**ANSWER**:	Counter-Defendants admit personal jurisdiction, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore deny same.

7.	Venue is proper in this court under 28 U.S.C. § 1391(a)(2) because (a) the insurance policies at issue were delivered to AAC in Kansas City, Kansas; and (b) the insurance policies generally provided coverage for the business acts for omissions of AAC which occurred in Kansas City, Kansas.

**ANSWER**:	Counter-Defendants admit venue is proper in this court, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore deny same.

## COUNTERCLAIM COUNT I - BREACH OF CONTRACT

8.	AAC incorporates by reference all allegations set forth in Paragraphs 1 through 7 of this Counterclaim for Declaratory Judgment as though fully set forth herein.

**ANSWER**:	Counter-Defendants incorporate by reference all answers set forth in Paragraphs 1 through 7 of their Answer and Affirmative Defenses to AAC's Counterclaim for Declaratory

Judgment as through fully set forth herein.

9. Counterclaim Defendants issued a Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-1901 to Named Insured Automobile Acceptance Corporation Inc for the policy period beginning March 1, 2019 and ending March 1, 2020 (the "2020 Policy"). A copy of the 2020 Policy is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as EXHIBIT L, at UND000007). Such policy is incorporated by reference as though fully set forth herein.

**ANSWER**: Counter-Defendants state that the 2020 Policy is a writing and speaks for itself. Counter-Defendants deny any allegations in Paragraph 9 inconsistent with said writing.

10. Counterclaim Defendants issued a Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2002 to Named Insured Automobile Acceptance Corporation Inc for the policy period beginning March 1, 2020 and ending March 1, 2021 (the "2021 Policy"). A copy of the 2021 Policy is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as EXHIBIT M, at UND000059. Such policy is incorporated by reference as though fully set forth herein.

**ANSWER**: Counter-Defendants state that the 2021 Policy is a writing and speaks for itself. Counter-Defendants deny any allegations in Paragraph 10 inconsistent with said writing.

11. Counterclaim Defendants issued a Mortgage Company Professional Liability policy bearing Certificate No. SUA_WS20318-2103 to Named Insured Automobile Acceptance Corporation Inc for the policy period beginning March 1, 2021 and ending March 1, 2023 (the "2022 Policy"), as modified by the ERP Endorsement. A copy of the 2022 Policy is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as EXHIBIT N, at UND000108, UND000112. Such policy is incorporated by reference as

though fully set forth herein.

**ANSWER**:   Counter-Defendants state that the 2022 Policy is a writing and speaks for itself. Counter-Defendants deny any allegations in Paragraph 11 inconsistent with said writing.

12.   For the purposes of this Counterclaim for Declaratory Judgment, the Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-1901, the Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2002, and the Mortgage Company Professional Liability policy bearing Certificate No. SUAWS20318-2103 are collectively referred to as "the Policies."

**ANSWER**:   Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny same.

13.   Eugene Jerome Nichols filed an Answer and Counterclaim against AAC in the Circuit Court of Clay County, Missouri in Case No. 15CY-CV07631 (the "Underlying Lawsuit" on or about April 4, 2016. A copy of the Answer and Counterclaim filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit B. Such Answer and Counterclaim filed in the Underlying Lawsuit is incorporated by reference as though fully set forth herein.

**ANSWER**:   The Answer and Counterclaim filed by Eugene Jerome Nichols in the Underlying Lawsuit is a writing and speaks for itself.  Counter-Defendants deny any allegations in Paragraph 13 inconsistent with said writing.

14.   On June 1, 2016, AAC filed an Amended Petition in the Underlying Lawsuit. A copy of the Amended Petition filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit C. Such Amended Petition is incorporated by reference as though fully set forth herein.

**ANSWER**: The Amended Petition filed by AAC in the Underlying Lawsuit is a writing and speaks for itself. Counter-Defendants deny any allegations in Paragraph 14 inconsistent with said writing.

15. On June 2, 2016, Nichols filed an Answer and Counterclaim to the Amended Petition and a Motion to Dismiss the Amended Petition. A copy of the Answer and Counterclaim to the Amended Petition filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit D. Such Answer and Counterclaim to the Amended Petition is incorporated by reference as though fully set forth herein.

**ANSWER**: The Answer and Counterclaim to the Amended Petition and the Motion to Dismiss the Amended Petition are writings and speak for themselves. Counter-Defendants deny any allegations in Paragraph 15 inconsistent with writings.

16. On August 8, 2016, Nichols filed a First Amended Answer and Counterclaim to the Amended Petition (the "Class Counterclaim") pleading class claims in this First Amended Answer and Counterclaim. A copy of the First Amended Answer and Counterclaim to the Amended Petition filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit E. Such First Amended Answer and Counterclaim to the Amended Petition is incorporated by reference as though fully set forth herein.

**ANSWER**: The First Amended Answer and Counterclaims to the Amended Petition filed by Nichols is a writing and speaks for itself. Counter-Defendants deny any allegations in Paragraph 16 inconsistent with said writing.

17. On September 30, 2022, the underlying trial court issues its Order for Class Certification in the Underlying Lawsuit (the "Class Certification Order"). A copy of the Class

Certification Order filed in the Underlying Lawsuit is attached to Counterclaim Defendants/Plaintiffs' Complaint for Declaratory Judgment as Exhibit H. Such Class Certification Order is incorporated by reference as though fully set forth herein.

**ANSWER**: The September 30, 2022 Order for Class Certification in the Underlying Lawsuit is a writing and speaks for itself. Counter-Defendants deny any allegations in Paragraph 17 inconsistent with said writing.

18. Upon receipt of the Class Certification Order, AAC tendered the Underlying Lawsuit to Counterclaim Defendants for defense and indemnity under the Policies.

**ANSWER**: Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny same.

19. Counterclaim Defendants denied that they had an obligation under the Policies to pay for the defense of AAC against the claims asserted in the Underlying Lawsuit.

**ANSWER**: Counter-Defendants admit the allegations in Paragraph 19.

20. Counterclaim Defendants failed to provide a defense for AAC against the claims asserted in the Underlying Lawsuit.

**ANSWER**: Counter-Defendants admit that they have not provided a defense to AAC. Counter-Defendants deny the remaining allegations of Paragraph 20.

21. Counterclaim Defendants denied they had an obligation under the Policies to indemnify AAC for any judgment which may be rendered against AAC in the Underlying Lawsuit.

**ANSWER**: Counter-Defendants admit the allegations of Paragraph 21.

22. Counterclaim Defendants' failure to provide AAC with a defense in the Underlying Lawsuit constitutes a breach of the Policies.

**ANSWER**: Paragraph 22 of the Counterclaim contains legal conclusions to which no response

is required.  To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 22.

23. Counterclaim Defendants' failure to agree to indemnify AAC against any adverse judgment rendered in the Underlying Lawsuit constitutes a breach of the Policies.

**ANSWER**: Paragraph 23 of the Counterclaim contains legal conclusions to which no response is required.  To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 23.

24. One or more of the requests for relief sought against AAC in the Underlying Lawsuit constitute a "Loss" as such term is defined in the Policies.

**ANSWER**: Paragraph 24 of the Counterclaim contains legal conclusions to which no response is required.  To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 24.

25. One or more of the allegations against AAC in the Underlying Lawsuit constitute a "Wrongful Act" as such term is defined in the Policies.

**ANSWER**: Paragraph 25 of the Counterclaim contains legal conclusions to which no response is required.  To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 25.

26. No exclusions contained within the Policies applies to preclude coverage under the Policies for the allegations raised against AAC in the Underlying Lawsuit.

**ANSWER**: Paragraph 26 of the Counterclaim contains legal conclusions to which no response is required.  To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 26.

27. Both the Counterclaim and the Class Counterclaim filed in the Underlying

Lawsuit fall within the policy periods of the Policies.

**ANSWER**: Counter-Defendants deny the allegations of Paragraph 27.

### AFFIRMATIVE DEFENSES

Plaintiffs/Counter-Defendants, Those Certain Underwriters at Lloyd's, London, subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-19012 ("Underwriters") and Markel International Insurance Company ("Markel") (collectively, "Counter-Defendants"), raise the following Affirmative Defenses in response to Defendant/Counter-Plaintiff Automobile Acceptance Corporation, Inc.'s ("AAC") Counterclaim for Declaratory Judgment (the "Counterclaim") without assuming any burden of proof or persuasion that would otherwise remain on AAC:

#### *FIRST AFFIRMATIVE DEFENSE*

AAC's claims are barred to the extent that the Counterclaim fails to state a cause of action or a claim upon which relief may be granted against Counter-Defendants.

#### *SECOND AFFIRMATIVE DEFENSE*

AAC's claims may be barred to the extent that AAC failed to join certain necessary and/or indispensable parties.

#### *THIRD AFFIRMATIVE DEFENSE*

AAC's claims against Counter-Defendants may be barred, in whole or in part, by the equitable doctrine of laches, waiver and estoppel, or unclean hands.

#### *FOURTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend AAC based on the terms, limitations, definitions, conditions and exclusions as set forth in Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-19012 (the "Policies") issued to AAC.

### *FIFTH AFFIRMATIVE DEFENSE*

Counter-Defendants' coverage obligations, if any, are limited by the limits of liability stated in the Policies, including, but not limited to, per claim and aggregate limits.

### *SIXTH AFFIRMATIVE DEFENSE*

The Policies do not provide coverage for payments voluntarily made or obligations voluntarily incurred without prior approval and consent by Counter-Defendants.

### *SEVENTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend or indemnify AAC in connection with the lawsuit captioned *Automobile Acceptance Corporation v. Eugene Jerome Nichols*, Case No. 15CY-CV07631-01, pending in Clay County Circuit Court (the "Underlying Lawsuit"), because there was no "Claim," as defined by the Policies, first made during any "Policy Period," as defined by the Policies.

### *EIGHTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend or indemnify AAC in connection with the Underlying Lawsuit to the extent the Underlying Lawsuit does not seek "Loss" within the meaning of the Policies.

### *NINTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend or indemnify AAC in connection with the Underlying Lawsuit to the extent the Underlying Lawsuit does not involve a "Claim," as defined by the Policies, for a "Wrongful Act," as defined by the Policies.

### *TENTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend or indemnify AAC in connection with the Underlying Lawsuit to the extent the Underlying Lawsuit does not involve a "Claim," as

defined by the Policies, for a "Wrongful Act," as defined by the Policies, that occurred on or after the Policies' March 1, 2019 Retroactive Date.

### *ELEVENTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend or indemnify AAC in connection with the Underlying Lawsuit to the extent any coverage for the Underlying Lawsuit is barred by an exclusion under the Policies, including, but not limited to, the Exclusions in Sections IV.A., IV.B., IV.C., IV.G, IV.J, IV.M., IV.N, IV.O, IV.BB, and the Exclude Services Endorsement of the Policies.

### *TWELFTH AFFIRMATIVE DEFENSE*

Counter-Defendants have no obligation to defend or indemnify AAC in connection with the Underlying Lawsuit to the extent AAC failed to comply with the notice requirements in Section VI. of the Policies.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Counter-Defendants are entitled to rescind the Policies based on AAC's material misrepresentations on the applications for the Policies, which applications were incorporated into the Policies, because AAC's misrepresentations were material to Counter-Defendants' decision to issue the Policies and the misrepresentations were made with reckless disregard for the truth.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

To the extent that the Policies may be applicable to any "Loss," which Counter-Defendants deny, the Policies may be excess or apply over a deductible, self-insured retention and/or underlying insurance. To the extent that any applicable limits of any underlying insurance policies, deductibles and/or self-insured retentions have not been satisfied, no coverage is available.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

No coverage exists for any person or entity that is not an insured under the terms of the Policies.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

To the extent AAC seeks indemnification for losses which have not yet arisen and for amounts it has not yet paid, Counter-Defendants are not obligated to provide coverage.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

Coverage under the Policies is barred to the extent that any insured breached its duty to cooperate or any other similar provision in the Policies.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

To the extent that AAC has other insurance or is an additional insured under other insurance that applies on a primary basis, the Policies may apply on an excess basis in accordance with any "other insurance" provisions contained in the Policies.

### *NINETEENTH AFFIRMATIVE DEFENSE*

The Counterclaim fails to set forth with particularity the facts of the underlying claims and/or the terms, provisions, conditions, exclusions, declarations, endorsements and/or limitations of the Policies that allegedly trigger any duty on the part of Counter-Defendants. Counter-Defendants are therefore unable to set forth all potentially applicable affirmative defenses and reserve the right to supplement their affirmative defenses as they may become apparent during the continuing course of this action.

**WHEREFORE**, Plaintiffs/Counter-Defendants, Those Certain Underwriters at Lloyd's, London, subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-19012 ("Underwriters") and Markel International Insurance Company ("Markel")

(collectively, "Counter-Defendants"), pray that judgment be entered as follows:

1. Dismissing with prejudice the Counterclaim against Counter-Defendants in its entirety;

2. Declaring that Counter-Defendants owe no obligations to defend or indemnify AAC and that Eugene Jerome Nichols is not entitled to any amounts under the Policies; and

3. Awarding Counter-Defendants their costs and such other and further relief as the Court deems just and proper.

Dated: April 26, 2023.    Respectfully submitted,

*/s/ Meredith A. Webster*
Jean-Paul Assouad    KS #20692
Meredith A. Webster    KS #25103
Kutak Rock LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
T: (816) 960-0090
F: (816) 960-0041
jean-paul.assouad@kutakrock.com
meredith.webster@kutakrock.com

and

*/s/ Douglas R. Garmager*
Douglas Garmager Admitted *Pro Hac Vice*
Karbal, Cohen, Economou, Silk & Dunne, LLC
200 South Wacker Drive, Suite 2550
Chicago, IL 60606
T: (312) 431-3700
dgarmager@karballaw.com
**ATTORNEYS FOR PLAINTIFFS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 26, 2023, a true and correct copy of the above and foregoing ***Plaintiffs' Answer to Automobile Acceptance Corporation Inc.'s Counterclaim for Declaratory Judgement*** was filed with the Clerk of the Court for the District Court of Kansas by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Meredith A. Webster*
Attorney for Plaintiffs