**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

THOSE CERTAIN UNDERWRITERS AT )
LLOYD'S, LONDON, subscribing to )
Policy Nos. SUA WS20318-2103, SUA )
WS20318-2002, and SUA WS20318-1901, )
AND MARKEL INTERNATIONAL )
INSURANCE COMPANY LIMITED, )      Case No. 2:23-CV-02030-DDC-ADM
                              )
Plaintiffs, )
                              )
vs. )
                              )
AUTOMOBILE ACCEPTANCE )
CORPORATION INC AND EUGENE )
JEROME NICHOLS, individually and as )
class representative, )
                              )
Defendants. )

## DEFENDANT EUGENE JEROME NICHOLS'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND AFFIRMATIVE DEFENSES

      COMES NOW Defendant Eugene Jerome Nichols ("Nichols") by and through the undersigned attorneys, and for his Answer to Plaintiff Those Certain Underwriters at Lloyd's London's ("Plaintiff's") Complaint and his Affirmative Defenses, hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

      1.     Nichols admits the pendency of lawsuit captioned *Automobile Acceptance Corporation, Inc., v. Eugene Jerome Nichols* in the Circuit Court of Clay County, Missouri, and that Plaintiff seeks a determination it has no duty to defend the lawsuit or provide coverage to its insured.

      2.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies same.

1

3.      Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies same.

4.      Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, denies same.

5.      Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, denies same.

6.      Nichols admits the allegations of Paragraph 6.

7.      Nichols admits the trial court certified the underlying case as a class action. Nichols denies that this Court should accept jurisdiction.

8.      Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies same.

9.      Nichols admits he resides in this District, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, denies same the allegations of Paragraph 9.

**FACTUAL BACKGROUND**

I.      **The Underlying Lawsuit**

10.     Nichols admits the allegations of Paragraph 10.

11.     Nichols admits the allegations of Paragraph 11.

12.     Nichols admits the allegations of Paragraph 12.

13.     Nichols admits the allegations of Paragraph 13.

14.     Nichols admits the allegations of Paragraph 14.

15.     Nichols admits the allegations of Paragraph 15.

16.     Nichols admits the allegations of Paragraph 16.

17.     Nichols admits the allegations of Paragraph 17.

18.     Nichols admits the allegations of Paragraph 18.

19.     Nichols admits the allegations of Paragraph 19.

20.     Nichols admits the allegations of Paragraph 20.

21.     Nichols admits the allegations of Paragraph 21.

22.     Nichols admits the allegations of Paragraph 22.

23.     Nichols admits the allegations of Paragraph 23.

24.     Nichols admits the allegations of Paragraph 24.

25.     Nichols admits the allegations of Paragraph 25.

26.     Nichols admits the allegations of Paragraph 26.

27.     Nichols admits the allegations of Paragraph 27.

28.     Nichols admits the allegations of Paragraph 28.

29.     Nichols admits the allegations of Paragraph 29.

30.     Nichols admits the allegations of Paragraph 30.

31.     Nichols admits the allegations of Paragraph 31.

32.     Nichols admits the allegations of Paragraph 32.

33.     Nichols admits the allegations of Paragraph 33.

34.     Nichols admits the allegations of Paragraph 34.

35.     Nichols admits the allegations of Paragraph 35.

36.     Nichols admits the allegations of Paragraph 36.

37.     Nichols admits the allegations of Paragraph 37.

38.     Nichols admits the allegations of Paragraph 38.

39.     Nichols admits the allegations of Paragraph 39.

**II.    Notice to Plaintiffs**

40.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint, and therefore, denies same.

**III.    The Policies**

41.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint, and therefore, denies same.

42.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore, denies same.

43.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore, denies same.

44.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore, denies same.

45.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and therefore, denies same.

46.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint, and therefore, denies same.

47.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint, and therefore, denies same.

48.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint, and therefore, denies same.

49.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint, and therefore, denies same.

50.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint, and therefore, denies same.

51.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint, and therefore, denies same.

52.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint, and therefore, denies same.

53.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint, and therefore, denies same.

54.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint, and therefore, denies same.

55.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint, and therefore, denies same.

56.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore, denies same.

57.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and therefore, denies same.

58.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint, and therefore, denies same.

59.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, and therefore, denies same.

60.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and therefore, denies same.

61.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and therefore, denies same.

62.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint, and therefore, denies same.

63.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint, and therefore, denies same.

64.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint, and therefore, denies same.

65.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint, and therefore, denies same.

66.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint, and therefore, denies same.

67.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint, and therefore, denies same.

68.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint, and therefore, denies same.

## CHOICE OF LAW

69.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint, and therefore, denies same.

70.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint, and therefore, denies same.

## COUNT I: DECLARATORY JUDGMENT AGAINST DEFENDANTS (NO CLAIM DURING POLICY YEARS)

71.     Nichols incorporates by reference each response to Paragraphs 1 through 70 of Plaintiff's Declaratory Judgment action as if fully set forth herein.

72.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint, and therefore, denies same.

73.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint, and therefore, denies same.

74.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint, and therefore, denies same.

75.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint, and therefore, denies same.

76.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint, and therefore, denies same.

77.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint, and therefore, denies same.

78.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint, and therefore, denies same.

79.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint, and therefore, denies same.

80.     Nichols denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Nichols denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Nichols denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint, and therefore, denies same.

## COUNT II: DECLARATORY JUDGMENT AGAINST DEFENDANTS ("LOSS")

84.     Nichols incorporates by reference each response to Paragraphs 1 through 83 as if fully set forth herein.

85.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint, and therefore, denies same.

86.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint, and therefore, denies same.

87.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint, and therefore, denies same.

88.     Nichols denies the allegations in Paragraph 88 of Plaintiff's Complaint.

89.     Nichols denies the allegations in Paragraph 89 of Plaintiff's Complaint.

90.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint, and therefore, denies same.

## COUNT III: DECLARATORY JUDGMENT AGAINST DEFENDANTS ("WRONGFUL ACT")

91.     Nichols incorporates by reference each response to Paragraphs 1 through 90 as if fully set forth herein.

92.     Nichols denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Nichols denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Nichols denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Nichols admits the Underlying Lawsuit alleges AAC's actions were "wanton, outrageous, and/or malicious because of [AAC's] reckless indifference to or conscious disregard of the consumer rights of Nichols and the Missouri Subclass" but denies the remaining allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Nichols denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Nichols denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint, and therefore, denies same.

## COUNT IV: DECLARATORY JUDGMENT AGAINST DEFENDANTS (RETROACTIVE DATE)

99.     Nichols incorporates by reference each response to Paragraphs 1 through 98 as if fully set forth herein.

100.     Nichols denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.     Nichols denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.     Nichols denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.     Nichols denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiff's Complaint, and therefore, denies same.

## COUNT V: DECLARATORY JUDGMENT AGAINST DEFENDANTS (EXCLUSIONS)

105.     Nichols incorporates by reference each response to Paragraphs 1 through 104 as if fully set forth herein.

106.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiff's Complaint, and therefore, denies same.

107.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiff's Complaint, and therefore, denies same.

108.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint, and therefore, denies same.

109.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiff's Complaint, and therefore, denies same.

110.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's Complaint, and therefore, denies same.

111.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's Complaint, and therefore, denies same.

112.     Nichols denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.     Nichols denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.     Nichols denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.     Nichols denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.     Nichols denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's Complaint, and therefore, denies same.

## COUNT VI: DECLARATORY JUDGMENT AGAINST DEFENDANTS (LATE NOTICE)

118.     Nichols incorporates by reference each response to Paragraphs 1 through 117 as if fully set forth herein.

119.     Nichols admits the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint, and therefore, denies same.

121.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiff's Complaint, and therefore, denies same.

122.     Nichols denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiff's Complaint, and therefore, denies same.

## COUNT VII: RECISSION AGAINT (SIC) AAC

124.     Nichols incorporates by reference each response to Paragraphs 1 through 123 as if fully set forth herein.

125.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiff's Complaint, and therefore, denies same.

126.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of Plaintiff's Complaint, and therefore, denies same.

127.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of Plaintiff's Complaint, and therefore, denies same.

128.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiff's Complaint, and therefore, denies same.

129.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of Plaintiff's Complaint, and therefore, denies same.

130.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of Plaintiff's Complaint, and therefore, denies same.

131.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of Plaintiff's Complaint, and therefore, denies same.

132.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiff's Complaint, and therefore, denies same.

133.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiff's Complaint, and therefore, denies same.

134.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of Plaintiff's Complaint, and therefore, denies same.

135.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of Plaintiff's Complaint, and therefore, denies same.

136.    Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of Plaintiff's Complaint, and therefore, denies same.

137.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of Plaintiff's Complaint, and therefore, denies same.

138.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiff's Complaint, and therefore, denies same.

139.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiff's Complaint, and therefore, denies same.

140.     Nichols is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiff's Complaint, and therefore, denies same.

141.     Nichols denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES TO ALL COUNTS**

Defendant Nichols further alleges the following affirmative defenses. Plaintiff bears the burden of proof on all elements of its claims and causes of action. Note that some of these "defenses" may not be true affirmative defenses because Plaintiff carries the burden. Said defenses are included here out of an abundance of caution and shall not be construed as an admission or acceptance of any burden of proof, or shifting of the burden of proof, not otherwise required by law:

COMES NOW Defendant Nichols, and asserts the following affirmative defenses, with reservation of any other defenses that become apparent throughout the case:

A.     The petition fails to state a claim upon which relief can be granted.

B.     The contracts of insurance when read in total and when all provisions are considered, provides coverage for the claim(s) in the underlying state court action.

C.     The contracts of insurance are ambiguous, requiring interpretation in favor of the insured, which provides coverage for the claim(s) in the underlying state court action.

D.     The contracts of insurance provided to defendant AAC provide coverage for the risk at issue, and any attempt by Plaintiff to read its policies in such a way as to exclude coverage for claims based upon the conduct at issue would render such coverage illusory and is thus an improper interpretation of the policy.

E.     Should any provision of the contracts appear to exclude coverage for the claim(s) in the state court action, such provisions of the policy are void, unenforceable, illegal, and/or illusory.

F.   Defendant Nichols reserves the right to present new defenses as they become known.


Dates this 27th day of April, 2023.                    Respectfully submitted,


                                                       ONDERLAW, LLC

                                               By:     /s/ Martin L. Daesch
                                                       Martin L. Daesch, #40494
                                                       Jesse B. Rochman #60712
                                                       Craig W. Richards #67262
                                                       110 E. Lockwood
                                                       St. Louis, MO 63119
                                                       (314) 963-9000
                                                       (314) 963-1700 facsimile
                                                       daesch@onderlaw.com
                                                       rochman@onderlaw.com
                                                       richards@onderlaw.com
                                                       *Attorneys for Eugene Jerome Nichols*