UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AUTOMOBILE ACCEPTANCE CORPORATION, INC. and EUGENE JEROME NICHOLS, individually and as a class representative, <br><br> Defendants. | Case No.  23-2030-DDC-ADM |

## SCHEDULING ORDER

On June 29, 2023, U.S. Magistrate Judge Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16, by phone. Plaintiffs Those Certain Underwriters at Lloyd's, London, subscribing to Policy Nos. SUA WS20318-2103, SUA WS20318-2002, and SUA WS20318-1901, and Markel International Insurance Company Limited appeared through counsel Meredith Webster and Douglas Garmager. Defendant Automobile Acceptance Corporation Inc. appeared through counsel Blake Butner. Defendant Eugene Jerome Nichols appeared through counsel Martin Daesch.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **July 14, 2023** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **July 31, 2023** |
| Experts disclosed | **August 1, 2023** |
| Motions to amend | **August 25, 2023** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Rebuttal experts disclosed | **September 15, 2023** |
| All discovery completed | **October 20, 2023** |
| Proposed pretrial order due | **November 7, 2023** |
| Pretrial conference | **November 17, 2023, at 11:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **December 18, 2023** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Trial — ETT 2 days | **September 3, 2024, at 9:00 a.m.** |

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. The parties already participated in mediation, and it was unsuccessful. They do not believe that exchanging good-faith settlement proposals or further court-ordered mediation would be a productive use of resources, at least in the near term.

2. **Discovery.**

   a. The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **July 14, 2023**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

   b. All discovery must be commenced or served in time to be completed by **October 20, 2023.**

   c. The parties agree that principles of comparative fault do not apply.

**d.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served by **August 1, 2023,** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **September 15, 2023**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**f.** The parties agree that no ESI discovery is required in this case.

**g.** No party may serve more than 15 interrogatories on any other party.

**h.** Each side may take no more than 3 depositions, limited to 3 hours each. Depositions will be governed by the guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**i.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **July 14, 2023**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **July 31, 2023**.

**j.** The parties consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

**k.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **August 25, 2023**.

      **b.**      All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **December 18, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

      **c.**      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

      **d.**      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial.**

      **e.**      Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion,

material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.**     To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.**     **Pretrial Conference, Trial, and Other Matters.**

**a.**     Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **November 17, 2023, at 11:00 a.m.,** by telephone (888-363-4749; access code 3977627). However, the court may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **November 7, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_mitchell_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.**     The parties expect the non-jury trial of this case to take approximately 2 trial days. This case is set for trial beginning on **September 3, 2024, at 9:00 a.m.** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.**     If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

7

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated June 29, 2023, at Kansas City, Kansas.

s/Angel D. Mitchell
Magistrate Judge Angel Mitchell

8